UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FRACTAL ANALYTICS INC., a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GREG GOMEZ, individually and in his marital community,<br><br>Defendant. | No. 2:25-cv-00733<br><br>COMPLAINT |

Plaintiff Fractal Analytics Inc. ("Plaintiff" or "Fractal"), through its counsel of record, Sebris Busto James and Kelley Drye & Warren LLP, file this Complaint for Damages and Injunctive Relief against Defendant Greg Gomez ("Defendant" or "Gomez"), alleging as follows:

## I.  PARTIES

1. Plaintiff Fractal is a New York corporation headquartered in New York, NY. Fractal provides artificial intelligence products to Fortune 500 companies for business intelligence, sustainability, revenue growth management, and sales and customer service uses.

2. Defendant Greg Gomez is an individual residing in Bothell, Washington. Gomez was formerly employed as a Vice President of Sales, Partnerships & Alliance at Fractal until February 21, 2025.

COMPLAINT – 1
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

## II. JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1).

4. Fractal is a citizen of the State of New York for the purposes of diversity jurisdiction. It is a New York corporation maintaining its principal place of business in New York, New York.

5. Gomez is a citizen of the State of Washington.

6. The amount in controversy exceeds $75,000.00 exclusive of interests and costs, as this dispute arises out of one of Fractal's partnerships, which generated approximately $6,000,000 in revenue for Fractal in 2024 and was, absent the contractual breaches alleged herein, expected to yield similar revenues in the future.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) and 28 U.S.C. §1391(b)(3). A substantial part of the events or omissions giving rise to the claim in this matter occurred in this District and Defendant is subject to the Court's personal jurisdiction with respect to this action.

8. Moreover, the non-competition agreement provides the parties consent to the exclusive jurisdiction of the federal or state courts located within King County in connection with any matter arising out of the agreement.

## III. FACTUAL ALLEGATIONS

9. Gomez served as the Vice President of Sales, Partnerships & Alliance at Fractal based in the Seattle, Washington, metropolitan area. In this role, Gomez was responsible for partnering with major vendors such as Microsoft to extend the reach of Fractal's sales through such partnerships.

10. Managing Fractal's partnership with Microsoft was Gomez's chief responsibility.

COMPLAINT – 2
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

11. Gomez joined Fractal in connection with Fractal's acquisition of Neal Analytics ("Neal") in May 2021 pursuant to a Unit Purchase Agreement.

12. The Unit Purchase Agreement required that Key Employees, including Gomez, sign a non-competition and non-solicitation agreement (the "Noncompete Agreement"). A form of the Noncompete Agreement was included as an Exhibit to the Unit Purchase Agreement.

13. Pursuant to the Unit Purchase Agreement, Gomez received $392,874.98 for 100,503 Units.

14. In connection with that acquisition, Gomez signed a new employment agreement with Neal on December 28, 2021 ("Employment Agreement"). A copy of the Employment Agreement is attached hereto as Exhibit A.

15. In consideration for entering into the Employment Agreement, Gomez received other benefits including, but not limited to, a $70,000 sign-on bonus, stock options, and retention bonus.

16. The Employment Agreement provided that the retention bonus was payable to Gomez in exchange for his execution of a Noncompete Agreement.

17. The Employment Agreement also contained a provision obligating Gomez to protect and not to disclose confidential information belonging or entrusted to Fractal.

18. After Neal became fully integrated with Fractal in late 2021, several key employees of Neal Analytics subsequently became formally employed by Fractal under employment agreements, including Gomez.

19. In addition to the benefits he received as a Key Employee during the acquisition of Neal Analytics by Fractal, Gomez was promised and received substantial consideration for entering into the Noncompete Agreement, including the $70,000 sign-on bonus and equity options.

COMPLAINT – 3
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

20. Gomez signed the Noncompete Agreement effective as of May 4, 2022. A copy of the Noncompete Agreement signed by Gomez is attached hereto as Exhibit B.

21. In the Noncompete Agreement, Gomez promised that for a period of 18 months following his separation from Fractal, he would not:

> directly or indirectly, without express prior written consent from Buyer (which Buyer may grant or withhold in its sole discretion), for his or her own benefit or for the benefit of any other individual or entity other than the Company: (i) own, set up, control, manage, operate, participate in, have a financial or beneficial interest in, be employed by, or provide any type of service to any business or entity that is a Competing Business (including as principal, sole proprietor, partner, member, employee, independent contractor, consultant, advisor, officer, director, stockholder, investor, or in any other capacity, but excluding employment or engagement to render services in a role that is wholly unrelated to the Competing Business and in which no confidential or proprietary information of the Company could reasonably be used or disclosed) in the Business Area, (ii) induce or attempt to induce any existing (as of the Closing Date) customer, supplier, independent contractor, consultant, vendor, joint venture, investor or other business relation of the Company or any of its Affiliates following the Closing (A) to provide business or services to Holder (or through Holder to any other Person), in each case in a manner in which would negatively affect any commercial relationship of the Company or its Affiliates following the Closing, or (B) to cease doing business in whole or in part with the Company or any of its Affiliates within which the Company's business is carried on after the Closing Date or (iii) interfere with any business relationship between the Company or its Affiliates and any third party (including any customer, supplier, independent contractor, consultant, vendor, joint venture, investor or any other business relationship) following the Closing….

22. The Noncompete Agreement defines "Competing Business" as:

> any business or part thereof that develops, manufactures, markets, licenses, sells or provides any product or service that competes with any product or service (i) being developed, manufactured, marketed, licensed, sold or provided by [the Company] or (ii) as to which Fractal has taken substantial steps toward or invested substantial resources in developing, manufacturing, marketing, licensing, selling or providing, in each case at any time during my employment with [the Company].

23. By executing the Noncompete Agreement, Gomez specifically agreed that "such covenants are an integral and essential element of the Sale and necessary to protect and preserve

COMPLAINT – 4
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

the Company's, Buyer's and their respective Affiliates' legitimate business interests and to prevent any unfair advantage conferred on [Gomez]."

24. In direct contravention of his non-competition obligations, following his resignation from Fractal on February 21, 2025, Gomez thereafter joined Tiger Analytics ("Tiger") as its Microsoft Alliance Lead. Gomez did not tell anyone at Fractal that he was joining Tiger. A copy of Gomez's LinkedIn Profile (accessed at https://www.linkedin.com/in/grvgomez on April 22, 2025) is attached hereto as Exhibit C.

25. Tiger is a direct competitor of Fractal in providing artificial solutions to enterprise businesses. Gomez's role at Tiger appears to be substantially similar, if not identical, to his role at Fractal—to pursue the same business partnership at Microsoft he pursued while at Fractal.

26. Through Gomez's position at Fractal, he was exposed to confidential and proprietary information directly related to Fractal's partnership with Microsoft, including pricing, discounts, business and sales strategies, and knowledge of contacts and customers developed at Fractal's expense.

27. Since Gomez is now working in a nearly identical position at Tiger, it is highly likely he will use the confidential and proprietary information he obtained while working at Fractal to the competitive disadvantage of Fractal.

28. Fractal's partnership with Microsoft generated $6,000,000 in revenue in 2024. Gomez's work with a direct competitor of Fractal on the same partnership creates a substantial risk that Fractal will lose this lucrative partnership.

29. On March 21, 2025, counsel for Fractal, Mark A. Konkel, Esq., sent a cease-and-desist letter to Gomez directing him to comply with his non-competition obligations to Fractal and cease working for Tiger, a direct competitor of Fractal. The cease-and-desist letter to Gomez is attached hereto as Exhibit D.

COMPLAINT – 5
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

30.     Mr. Konkel also sent a cease-and-desist letter to Tiger's Chief Executive Officer, Mahesh Kumar, on March 21, 2025.  The cease-and-desist letter to Kumar is attached hereto as Exhibit E.

31.     Neither Gomez nor Tiger responded to the March 21, 2025, cease-and-desist letters.

32.     On March 27, 2025, Konkel followed up via email with both Gomez and Kumar and did not receive a response.

33.     Subsequently, on April 1, 2025, Konkel called Gomez twice and left at least one voicemail.  Gomez did not return those calls.

34.     On April 15, 2025, Konkel received a letter from Tiger's outside counsel, Neil Elan, Esq., stating that his law firm represented both Gomez and Tiger and claiming that the management of Tiger and Fractal are in discussions resolving this matter. A copy of this letter is attached hereto as Exhibit F.

35.     No such discussions are taking place, and Tiger and its counsel have not contacted Fractal or its counsel about the matters discussed in this Complaint, including Gomez's obvious violation of his Noncompete Agreement, his intention to abide by it, or his or Tiger's willingness to rectify the violation or prevent irreparable and ongoing damage to Fractal.

36.     As of the filing of this Complaint, Gomez has refused to stop competing with Fractal.

### IV.    FIRST CAUSE OF ACTION
### Breach of Contract

37.     Fractal realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

38.     On or about May 4, 2022, Gomez entered into the Noncompete Agreement with Fractal.

COMPLAINT – 6
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

39. The Noncompete Agreement is a valid and enforceable contract.

40. Under the Noncompete Agreement, Gomez agreed not to be "employed by, or provide any type of service to any business or entity that is a Competing Business" for a period of 18 months following the separation of his employment from Fractal.

41. Under the Noncompete Agreement, Gomez also agreed not to "interfere with any business relationship between the Company or its Affiliates and any third party (including any customer, supplier, independent contractor, consultant, vendor, joint venture, investor or any other business relationship)."

42. In accepting the covenant, Gomez agreed its restrictions were reasonable.

43. Gomez breached the Noncompete Agreement by working for a direct competitor or "Competing Business," Tiger, performing a nearly identical role there, managing its partnership with Microsoft.

44. Upon information and belief, Gomez breached his confidentiality obligations by using Fractal's confidential and trade secret information in connection with Tiger's partnership with Microsoft.

45. Fractal is at risk of incurring significant damage as a result of Gomez's breaches. Gomez's direct competition with Fractal risks the loss of Fractal's $6,000,000 partnership with Microsoft.

46. Further, Gomez's illegal actions will damage Fractal's client relationships, goodwill, confidential and trade secret information, and other legitimate interests.

47. Fractal is therefore subject to continuing irreparable harm, economic injury, damage to its goodwill, and business reputation.

COMPLAINT – 7
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

48. Fractal requests this Court grant injunctive relief against Gomez, enjoining him from working for Tiger, enjoining him from using any of Fractal's confidential information, and enjoining him from interfering with any business relationships of Fractal.

49. As a direct consequence of Gomez's conduct, Fractal has suffered damages in an amount to be proven at trial.

## V. SECOND CAUSE OF ACTION
### Tortious Interference

50. Fractal realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

51. Fractal has valid and existing contracts with Microsoft and other third parties.

52. Gomez was knowledgeable about Fractal's partnership with Microsoft by virtue of his role at Fractal, including the terms of the agreement, point-of-contact, decision-makers, and other confidential information.

53. Gomez is currently using unlawful means to induce Microsoft to terminate or reduce its contract with Fractal to do business with Tiger instead.

54. Gomez is doing so by using Fractal's valuable commercial information and trade secret information to service Microsoft.

55. As a direct result of Gomez's conduct, Fractal is threatened with the loss of its Microsoft partnership, trade secrets, and goodwill in amounts which may be impossible to determine unless Gomez is enjoined and restrained by court order.

56. As a direct consequence of Gomez's conduct, Fractal has suffered damages in an amount to be proven at trial.

COMPLAINT – 8
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

## VI.   THIRD CAUSE OF ACTION
### Unfair Business Practices/Competition

57. Fractal realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

58. RCW 19.86.020 prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

59. Gomez has used unfair methods of competition and engaged in unfair or deceptive acts or practices in the conduct of commerce.

60. As a direct consequence of Gomez's conduct, Fractal has suffered damages in an amount to be proven at trial.

61. As a direct consequence of Gomez's conduct, Fractal is entitled to treble damages and cost of suit including reasonable attorneys' fees pursuant to RCW 19.86.090.

## VII.   FOURTH CAUSE OF ACTION
### Unjust Enrichment

62. Fractal realleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully set forth herein.

63. Gomez has accepted, retained, and/or used the benefits received and taken from Fractal under circumstances that make it inequitable for Gomez to retain the benefits thereof.

64. Gomez should be required to hold all proceeds of his wrongful conduct in trust for the benefit of Fractal.

## VIII.   REQUEST FOR RELIEF

Having alleged this Complaint against Defendant, Fractal prays that the Court award the following relief:

COMPLAINT – 9
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

1. Permanent orders requiring Gomez to immediately stop competing with Fractal by working for a direct competitor;

2. Permanent orders requiring Gomez to cease interfering with Fractal's relationships with any third party;

3. Judgment against Gomez in an amount to be proven at trial;

4. Judgment against Gomez in an amount of his unjust enrichment as a result of his unfair competition;

5. Judgment against Gomez in an amount of Fractal's reasonable attorney's fees and costs as authorized by RCW 19.86 and 19.108.040;

6. Exemplary damages in an amount up to twice the actual damages awarded as authorized by RCW 19.108.030; and

7. Such other and further relief as this Court deems just and equitable.

DATED this 22nd day of April 2025.

SEBRIS BUSTO JAMES

s/ Jeffrey A. James
Jeffrey A. James, WSBA #18277
15375 SE 30th Place, Suite 310
Bellevue, Washington 98007
Email: jjames@sbj.law
Tel: 425-454-4233 / Fax: 425-453-9005
Attorneys for Plaintiff

COMPLAINT – 10
*Fractal Analytics Inc. v. Greg Gomez*, Case No. 2:25-cv-00733

SEBRIS BUSTO JAMES
15375 SE 30th Street, Suite 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005