UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRACTAL ANALYTICS INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREG GOMEZ, individually and in his marital community,<br><br>Defendant. | Case No. C25-733RSM<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Fractal Analytics Inc. ("Fractal")'s Motion for Preliminary Injunction, Dkt #5. Defendant Greg Gomez opposes. Dkt. #19. Neither party has requested oral argument. After a full review of the briefing and attached documents, the Court now rules that this Motion is DENIED as set forth below, along with the related Motion for Expedited Discovery, Dkt. #6.

## II.   BACKGROUND

This is a case to enforce a noncompete agreement. Plaintiff Fractal is a New York corporation that "provides artificial intelligence products to Fortune 500 companies for business intelligence, sustainability, revenue growth management, and sales and customer

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY - 1

service uses." Dkt. #7 ("Bhat Decl.") at 1. Defendant Gomez is a former employee who now resides in Bothell, Washington. Dkt. #1 at 1.

In December 2021, Fractal bought Neal Analytics. Dkt. #7 at 2. Mr. Gomez was one of the "key employees" of this acquired company. *Id*. Fractal had these new employees sign employment agreements along with noncompetition and nonsolicitation agreements. *Id*. However, the timing of these agreements was a bit staggered. Defendant Gomez signed an "Employment Agreement" with Fractal on December 28, 2021, but did not sign the noncompetition and nonsolicitation agreements until May 4, 2022. *Id*. at 2–3. The employment agreement spelled out that these two additional agreements were coming and would be in exchange for stock options. *Id*.; *see also* Dkt. #1-2 ("Employment Agreement") at 3 ("Following the Closing, the Company will recommend to the Board of Directors of the Company (the 'Board') that [Gomez] be granted an option to purchase shares of Company… provided that such option grant shall only become issuable upon receipt by the Company of a Non-Competition and Non-Solicitation Agreement executed by [Gomez].").

Mr. Gomez states via declaration that there were no attached noncompetition or nonsolicitation agreements when he signed the Employment Agreement in 2021. Dkt. #20 at 2. He says he received the Fractal shares as "part of the of the acquisition of Neal Analytics and represented an exchange of my existing shares of Neal for shares of Fractal when Fractal bought Neal." *Id*. at 1–2. This is relatively consistent with Fractal's argued position. *See* Dkt. #5 at 2 ("[Gomez was] one of several 'Key Employees' who was to receive significant compensation for his ownership interest in Neal.").

Mr. Gomez served Fractal as a Vice President of Sales, Partnerships & Alliance at Fractal until February 21, 2025. Dkt. #1 at 1.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY - 2

On that date, Gomez joined Tiger Analytics ("Tiger"), an alleged "direct competitor." Dkt. #7 at 4. Fractal's CFO states via declaration that "Gomez's role at Tiger appears to be substantially similar, if not identical, to his role at Fractal – to pursue the same business partnership at Microsoft he pursued while at Fractal." *Id*. Gomez disputes this characterization, essentially saying that his work with Tiger does not impact Fractal's relationship with Microsoft. *See* Dkt. #19 at 14–15; Dkt. #20 at 3–4.

Fractal filed this case on April 22, 2025, alleging breach of contract, tortious interference, unfair business practices in violation of RCW 19.86.020, and unjust enrichment. *See* Dkt. #1.

### III.   LEGAL ANALYSIS

Granting a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). A party can obtain a preliminary injunction by showing that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Id*. at 555 U.S. 20. A preliminary injunction may also be appropriate if a movant raises "serious questions going to the merits" and the "balance of hardships . . . tips sharply towards" it, as long as the second and third *Winter* factors are satisfied. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

**A.   Likelihood of Success on the Merits**

"To bring a cause of action for breach of contract, [Fractal] must establish the existence of" (1) "a valid and enforceable contract," (2) "the rights of the plaintiff and obligations of the

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY - 3

1 defendant under the contract," and (3) "violation of the contract by defendant" causing
2 "damages to the plaintiff." *Citoli v. City of Seattle*, 115 Wn. App. 459, 476 (2002).

3   This case involves multiple, apparently valid contracts followed by what appears to be breach and potential damages to the Plaintiff. Defendant Gomez's main argument against the breach of contract and other claims is that the Noncompetition Agreement is void and unenforceable under specific provisions of Washington State law.

   The parties appear to agree that RCW 49.62 applies to noncompetition agreements such as the one here. RCW 49.62.020(1) states that a "noncompetition covenant is void and unenforceable: (a)(i) [u]nless the employer discloses the terms of the covenant in writing to the prospective employee no later than the time of the initial oral or written acceptance of the offer of employment and, if the agreement becomes enforceable only at a later date due to changes in the employee's compensation, the employer specifically discloses that the agreement may be enforceable against the employee in the future; or (ii) [i]f the covenant is entered into after the commencement of employment, unless the employer provides independent consideration for the covenant." RCW 49.62.005(3) states that "[t]he provisions in this chapter facilitating workforce mobility and protecting employees and independent contractors need to be liberally construed and exceptions narrowly construed."

   Gomez first points out that "[b]ecause the Noncompete was not provided at the time Gomez entered into the Employment Agreement, the Employment Agreement cannot serve as the consideration for the Noncompete pursuant to RCW 49.62.020(1)(a)(i)." Dkt. #19 at 9. Gomez then argues that the Noncompetition Agreement must be "supported by independent consideration to be enforceable." *Id*. Later, Gomez argues that the stock options in the

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY - 4

Employment Agreement were an "illusory" promise because they were at the discretion of the board. *Id*. at 13. Gomez concludes with:

> If a court were to allow the terms in the December 2021 Employment Agreement to constitute consideration for the as-yet undisclosed May 2022 Noncompete, it would turn RCW 49.62 on its head and allow employers to trap employees into onerous non-compete restrictions by first getting the employee to agree in advance to consideration in exchange for agreeing to sign a noncompete agreement in the future without knowing what the noncompete terms are – and then later springing an onerous noncompete agreement on the employee and arguing that they have already agreed to sign it in exchange for the previously stated consideration.

*Id*. at 12.

Fractal fails to adequately rebut these arguments in its Reply, arguing without new evidence and in a conclusory fashion that the "noncompetes were thus a part of the transaction itself..." *See* Dkt. #22 at 5.

After examining the evidence before the Court right now and the above law, the Court concludes that Fractal has failed to meet its burden for showing a likelihood of success on the merits. The timing and structure of the Employment Agreement and the Noncompetition and Nonsolicitation Agreements could potentially run afoul of RCW 49.62.020(1). The $70,000 bonus was most likely received in exchange for signing the 2021 Employment Agreement, not the 2022 Noncompetition Agreement. The Court will not rule on this ultimate issue at this time. Without a valid and enforceable Noncompetition Agreement, Fractal cannot succeed on any of its claims, thus a preliminary injunction cannot be granted.

B. Remaining Elements

Having found that Fractal has failed to demonstrate a likelihood of success on the merits, the Court need not proceed to analyze the remaining elements for a preliminary

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY - 5

injunction motion. The Court does note, however, that it agrees with Gomez that the public interest is most likely served by denying this Motion given the language of RCW 49.62.005. *See* Dkt. #19 at 16.

## IV. CONCLUSION

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Fractal's Motion for Preliminary Injunction, Dkt #5, is DENIED. Fractal's related Motion for Expedited Discovery, Dkt. #6 is DENIED.

DATED this 13th day of November, 2025.

*[signature]*
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE